IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| SHELETHA FOSTER, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. |
| v. : | No. 7:11-cv-81 |
| : | |
| THOMAS COUNTY BOARD OF : | |
| COMMISSIONERS; THOMAS COUNTY, : | |
| GEORGIA; : | |
| : | |
| Defendants. : | |

_____

## **ORDER**

Pending before the Court is Defendant Thomas County Board of Commissioner's Motion to Dismiss (Doc. 6). For the reasons stated below, the Motion is moot.

On June 13, 2011, Plaintiff Sheletha Foster filed a lawsuit against the Thomas County Board of Commissioners, alleging that she had been subject to adverse employment practices based on her race in violation of Title VII, 42 U.S.C. § 2000e, *et seq.* The Thomas County Board of Commissioners responded with a Motion to Dismiss (Doc. 6), arguing that it was not a legal entity that is capable of being sued. In response, Plaintiff filed an Amended Complaint (Doc.

9) as allowed by Federal Rule of Civil Procedure 15, naming Thomas County, Georgia as the defendant.[1]

The Eleventh Circuit has held that an amended complaint will supersede an original complaint. Malowney v. Fed. Collection Deposit Group, 193 F.3d 1342, 1345 n. 1 (11th Cir. 1999). Therefore, in this case, the Plaintiff's Amended Complaint is now the operative complaint. The pending Motion to Dismiss, filed by the Thomas County Board of Commissioners, pertains only to the original complaint, and because that complaint has been superseded, the Motion is moot.

The Clerk of the Court is directed to dismiss the Thomas County Board of Commissioners as a defendant in this suit. Thomas County is the proper defendant, and the case against Thomas County shall proceed as dictated in the scheduling order issued by the Court on November 4, 2011.

**SO ORDERED,** this 21st day of December, 2011.

**/s/ Hugh Lawson**
HUGH LAWSON, SENIOR JUDGE

ebr

---

[1] Plaintiff also filed a response to Thomas County Board of Commissioner's Motion to Dismiss (Doc. 8). In the response, Plaintiff argued that the amended complaint properly related back to the filing of the initial complaint under the Erie doctrine and under the Georgia Civil Practice Act. However, in this case, the initial complaint has been superseded, and therefore, the Court does not find it necessary to address the merits of Plaintiff's argument for relation back under either federal or state law.